# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TYRELL DEVON LEWIS,         )
                                      )
             Petitioner,    )
                                      )       1:22CV948
            v.                    )       1:19CR306-1
                                        )
UNITED STATES OF AMERICA,    )
                                      )
             Respondent.   )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a document seeking an appointment of counsel to aid him in filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Out of an abundance of caution, the Court will construe the submission as such a motion. However, the Motion cannot be further processed for the following reason:

1.     The Motion is not on the proper § 2255 form.

Because of this pleading failure, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defect of the present Motion.[1] To further aid

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he

Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to bring a claim under § 2255.

As for Petitioner's request for counsel, the Court notes first that there is no constitutional right to appointed counsel in a habeas case. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) (noting that "the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255"). Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, the Court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Having reviewed Petitioner's request for counsel and the record in this matter, the Court does not find that appointment of counsel is required by the

---

must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

interests of justice or otherwise. Therefore, Petitioner's request for counsel will be denied. Petitioner may file a proper motion seeking an appointment of counsel if he files his § 2255 on the forms.

IT IS THEREFORE ORDERED that Petitioner's request for counsel is denied without prejudice and that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 10th day of October, 2023.

     /s/ Joi Elizabeth Peake    
United States Magistrate Judge

3